UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN JOHNSON, | ) | |
| | ) | No. 12-CV-5325 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge |
| | ) | |
| Chicago Police Officers | ) | |
| DOUGLAS NICHOLS #12415, | ) | Jury Demanded |
| MANUEL LEANO #4303; | ) | |
| LAWRENCE LOWREY #12731 | ) | |
| HEARD #6986; GONZALEZ #12152 | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the plaintiff BRIAN JOHNSON by his attorneys, Mark F. Smolens, Law Office of Mark F. Smolens, and Richard R. Mottweiler, Mottweiler & Associates, and as his complaint against the defendants, states the following:

1.     This action seeks damages under federal law, Title 42 U.S.C. §1983,  for defendants' actions on July 26, 2010 which violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.  This action also seeks damages for claims arising under Illinois law.

## Jurisdiction and Venue

2.     The  jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. sections 1331 and 1343 and this Court's supplemental and ancillary jurisdiction under Title 28 U.S.C. Section 1367.  Venue in this District is

predicated upon Title 28 U.S.C. Section 1391(b) as all events giving rise to the claims asserted herein took place within this Northern District of Illinois.

3.  At all times material hereto, the Plaintiff, BRIAN JOHNSON was a resident of the city of Chicago, County of Cook, State of Illinois, in this District.

4.  At all times material hereto defendant OFFICER DOUGLAS NICHOLS #12415, (hereinafter "NICHOLS") was a sworn law enforcement officer employed by the City of Chicago.  At all times material hereto defendant NICHOLS was acting under color of state law and within the scope of his employment with the City of Chicago. NICHOLS is sued individually.

5.  At all times material hereto defendant OFFICER MANUEL LEANO #4303 (hereinafter "LEANO") was a sworn law enforcement officer employed by the City of Chicago.  At all times material hereto defendant LEANO was acting under color of state law and within the scope of his employment with the City of Chicago.  LEANO is sued individually.

6.  At all times material hereto defendant OFFICER LAWRENCE LOWREY #12731 (hereinafter "LOWREY") was a sworn law enforcement officer employed by the City of Chicago.  At all times material hereto defendant LOWREY was acting under color of state law and within the

2

scope of his employment with the City of Chicago. LOWREY is sued individually.

7.      At all times material hereto defendant OFFICER HEARD #6986 (hereinafter "HEARD") was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto defendant HEARD was acting under color of state law and within the scope of his employment with the City of Chicago. HEARD is sued individually.

8.      At all times material hereto defendant OFFICER GONZALEZ #12152 (hereinafter "GONZALEZ") was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto defendant GONZALEZ was acting under color of state law and within the scope of his employment with the City of Chicago. GONZALEZ is sued individually.

9.      The City of Chicago is a municipal corporation and body politic located in Cook County, Illinois. At all relevant times hereto, the City of Chicago was the employer of defendants NICHOLS, LEANO, LOWREY, HEARD, GONZALEZ and other police officers involved in varying degrees in the events at issue.

10.     Other individuals not presently known to the Plaintiff were, at all relevant times to this complaint, duly appointed police officers of the City of Chicago, Illinois. At all times material to this Complaint, these presently unknown defendants acted toward Plaintiff under color of the

3

statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago, and the Chicago Police Department.

11.    Plaintiff sues all of the individually named defendant police officers in their individual capacities.

## Common Allegations

12.    At approximately 6:00 P.M. on July 26, 2010, Plaintiff was a security guard on duty at a residential building located at 5636 S. Martin Luther King Jr. Drive, Chicago Illinois.

13.    At that time, Plaintiff saw Defendant officers approach the locked gate at located outside of the entrance to 5636 S. Martin Luther King Jr. Drive. Plaintiff unlocked and opened the gate, and allowed Defendant officers onto the property of 5636 S. Martin Luther King Jr. Drive.

14.    Defendant officers told Plaintiff they were responding to a domestic disturbance on the third floor of the building. Plaintiff told the officers he would take them inside, which he did.

15.    Despite the fact that Plaintiff suffered from the debilitating effects of a previous stroke, Defendant officers thereafter pushed Plaintiff against a wall and handcuffed him.

16.    Plaintiff was taken into police custody and charged with obstructing a police officer even though he had done nothing to obstruct

4

the officers. That charge was ultimately resolved in a manner indicative of his innocence.

17.    Defendant officers handcuffed Plaintiff so tightly that his hand became numb.

18.    Additionally, Plaintiff suffered pain in his arm and shoulder, pain which continues to this day.

19.    Prior to transporting Plaintiff to the Police Station, Defendant officers kept Plaintiff handcuffed in a police vehicle for a period of hours.

20.    By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained economic injuries,  physical injuries,  humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

21.    The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

22.    By reason of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action, so that they might vindicate the loss and impairment of their rights.

## Count I
## [Section 1983 False Arrest]

23.    Plaintiff re-alleges and incorporates lines one through twenty - two above as if fully restated here as this paragraph twenty-three.

24.    As described above, Defendants conspired among themselves to falsely arrest and detain Plaintiff without probable cause in violation of his rights under the Fourth Amendment to the Constitution.

25.    As described above, Defendants violated Plaintiff's rights when they arrest Plaintiff  and charged him with obstructing a police officer even though he had done nothing to obstruct the officers.

26.    The misconduct described in this complaint was taken with malice, willfulness, and reckless disregard for the rights of Plaintiff.

27.    As a result of Defendant officers' actions or omissions Plaintiff has suffered physical injury and severe emotional damages.

## Count II
## [Section 1983 Excessive Force]

28.    Plaintiff re-alleges and incorporates lines one through twenty-two above as if fully restated here as this paragraph twenty-eight.

29.       At all times relevant hereto, Plaintiff had the right to be from injury from unreasonable, malicious, excessive force from state actors such as defendants, as protected by the Fourth and Fourteenth Amendments to the Constitution of the United States.

30.      As described above, Defendants violated Plaintiff's right to be free from unreasonable, malicious, excessive force when they handcuffed Brian Johnson so tightly as to cause numbness in Plaintiff's wrist.

31.      As result of Defendants' concerted unjustified and excessive use of force, Brian Johnson suffered injuries, pain as well as severe emotional distress.

32.      Upon information and belief, other Defendant officers were present  and had a reasonable opportunity to prevent the harm done to Brian Johnson, and should have intervened to prevent the individual officer's unjustified and excessive use of force.

33.      As a result of their failure to intervene, Brian Johnson suffered pain and injury, as well as severe emotional distress.

34.      The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful deliberate indifference to Brian Johnson's constitutional rights.

35.      The misconduct described was undertaken with malice, willfulness, and reckless indifference to the rights of others.

WHEREFORE, plaintiff respectfully request that judgment be entered in his favor, compensatory and punitive damages be awarded in an amount to be determined by the jury, plus an award to the plaintiff pursuant to Title 28 U.S.C. § 1988 for attorney's fees and costs, in addition to any other relief from this Court deemed just and proper.

Respectfully Submitted,


 /s/ Mark F. Smolens
One of the attorneys for Plaintiff




MARK F. SMOLENS  #6190482
LAW OFFICE OF MARK F. SMOLENS
1627 Colonial Parkway
Inverness, Il 60067
773-580-4982
ryansmolensjones@hotmail.com

RICHARD R. MOTTWEILER #3123509
MICHAEL G. CANNON #6296028
NICOLE L. BARKOWSKI #6295834
MOTTWEILER & ASSOCIATES
1627 Colonial Parkway
Inverness, IL 60067
312-259-0234
tcblaw@aol.com